## SHARPER IMAGE CORPORATION *v.* DONALD F. MILLER, COMMISSIONER OF REVENUE SERVICES
### (14499)

Foti, Spear and Hennessy, Js.

Argued June 6—officially released June 19, 1996

*Martin I. Eisenstein*, pro hac vice, with whom was *Michael J. Mannion*, for the appellant (plaintiff).

*Anne O'Leary*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment rendered by the trial court confirming the imposition of a use tax by the defendant commissioner of revenue services (commissioner) on its catalogs mailed to Connecticut residents. The issue is whether the trial court correctly determined that the mailing of catalogs directly to Connecticut residents advertising the plaintiff's merchandise constituted a taxable use within the meaning of General Statutes §§ 12-411 and 12-407 (5), in that Sharper Image "owned" the catalogs in Connecticut, and made a taxable "use" of them under applicable

statutes, regulations and court decisions. We affirm the judgment of the trial court.

The parties stipulated to the following facts. Sharper Image is a Delaware corporation with headquarters in San Francisco, California. It is engaged nationally and internationally in the retail sale of merchandise, and makes both in-store and mail order sales.

In Connecticut, Sharper Image maintains one store in Stamford and one store in Hartford. In addition to its store sales, Sharper Image makes sales by means of telephone and mail orders transmitted to its San Francisco office. It collects and remits to the commissioner the Connecticut sales and use taxes levied on sales made at its stores in Connecticut and on its mail order sales. The plaintiff concedes that it has a nexus with Connecticut for purposes of sales and use tax collection.

Sharper Image publishes monthly catalogs. The catalogs advertise the products that are available for sale both by catalog orders and at the retail stores, although some products are exclusively catalog order products.

Sharper Image contracts for the printing and distribution of catalogs from its San Francisco headquarters. It has entered into a contract with Mid-American Web Press, Inc., doing business as Foote & Davies of Lincoln, Nebraska (Foote & Davies), for the printing and mailing of the catalogs to residents of foreign countries and throughout the United States, including Connecticut. All instructions and payments to Foote & Davies are made from Sharper Image's San Francisco headquarters. The numbers of catalogs printed for Sharper Image are as follows: 1988—33.9 million; 1989—40.1 million; 1990—34.3 million. Approximately 2 percent of all catalogs printed for Sharper Image are sent to Connecticut residents. The plaintiff has not contracted with any third parties located in Connecticut for the printing or

distribution of the catalogs, and none of Sharper Image's Connecticut employees are involved in any way with the printing or distribution of the catalogs that are the subject of the assessment in this action.

The catalogs are printed and labeled by Foote & Davies. Foote & Davies transports the catalogs to the mail by way of United States Postal Service (postal service) trailers located at the Foote & Davies facility in Nebraska. Sharper Image's San Francisco headquarters provides Foote & Davies with a mailing list, which contains the names of customers and prospective customers to whom catalogs are to be sent. The catalogs are addressed to the person named or the current resident at the address listed on the label, and are sent by third class mail.

Neither Sharper Image nor Foote & Davies can withdraw or redirect the catalogs from the mail once they are placed in the postal service trailers. If catalogs are not delivered to the addressee, the plaintiff does not receive a refund or credit from the postal service for the postage or the value of the catalogs lost. Catalogs that the postal service is unable to deliver are destroyed.

Sharper Image has never withdrawn or redirected the catalogs from the mail, or ever taken physical possession of the catalogs mailed to Connecticut residents.

On December 1, 1991, the commissioner issued a notice of assessment of use taxes to the plaintiff based on the sales price of catalogs sent by Foote & Davies to Sharper Image's customers and prospective customers who are Connecticut residents. The commissioner imposed the use tax on Sharper Image pursuant to General Statutes §§ 12-411 and 12-407 (5). The commissioner determined that Sharper Image made a taxable use of the catalogs mailed from out-of-state to Connecticut residents. On January 21, 1992, Sharper Image filed a protest of the assessment. On March 14, 1994, a depart-

ment hearing officer upheld the assessment insofar as liability for catalogs mailed to Connecticut. The revised assessment consists of $52,466.70 in use taxes, a $2218.33 penalty and $45,471.35 in interest through March 31, 1994. The revised assessment is based on the sales price of catalogs sent by Foote & Davies to Sharper Image's customers.

In addition to the catalogs mailed to Connecticut residents, Foote & Davies mails catalogs to Sharper Image's Connecticut stores where they are available for employees and customers. Sharper Image paid the use tax on these catalogs because they were received in Connecticut by its Connecticut employees at its Connecticut stores.[1] Sharper Image does not contest the amount of the taxes assessed on the catalogs at issue, but rather challenges the state's right to levy any taxes on catalogs mailed to Connecticut residents.

This matter was presented to the trial court entirely on the pleadings, stipulations of the parties and a single plaintiff's exhibit.[2] Accordingly, our review of the ruling of the trial court is plenary; *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53–54, 607 A.2d 424 (1992); we must decide whether the trial court's conclusions are legally and logically correct and find support in the facts that appear in the record. *Rich-Taubman Associates* v. *Commissioner of Revenue Services*, 236 Conn. 613, 618, 674 A.2d 805 (1996).

As a preliminary matter we examine the pertinent parts of our statutes affecting the use tax in Connecticut. General Statutes § 12-411 (1) provides in relevant part: "An excise tax is hereby imposed on the storage,

---

[1] The use tax imposed by the commissioner on the plaintiff's catalogs mailed to the plaintiff's Connecticut stores is not part of this appeal; the plaintiff concedes that it exercises a right or power incident to ownership of those catalogs in Connecticut.

[2] The plaintiff's exhibit consists of an affidavit.

acceptance, consumption *or any other use* in this state of tangible personal property purchased from any retailer for storage, acceptance, consumption or *any other use* in this state, the acceptance or receipt of any services constituting a sale in accordance with subdivision (i) to (*l*), inclusive, of subsection (2) of section 12-407 . . . ." (Emphasis added.)

General Statutes § 12-411 (2) provides in pertinent part: "Every person storing, accepting, consuming *or otherwise using* in this state services or tangible personal property purchased from a retailer . . . is liable for the tax. . . ." (Emphasis added.)

General Statutes § 12-407 (5) defines "use" as follows: " 'Use' includes the exercise of any right or power over tangible personal property incident to the ownership of that property, except that it does not include the sale of that property in the regular course of business."

Our Supreme Court has acknowledged that the use tax had been designed "as a complementary measure [to the sales tax] to insure the equitable diffusion of the tax burden upon both in-state purchases of tangible personal property and out-of-state purchases of tangible personal property where such property is used, stored or consumed within the state . . . ." *International Business Machines Corp.* v. *Brown*, 167 Conn. 123, 129, 355 A.2d 236 (1974). " 'A use tax is a tax on the enjoyment of that which was purchased.' . . ." (Citation omitted.) *Morton Buildings, Inc.* v. *Bannon*, supra, 222 Conn. 59.

In order to create tax liability under our use tax statute, three conditions must exist: "First, there must be a purchase of tangible personal property; second, the purchase must have been made for the purpose of storage, use or other consumption in this state; and, third, there must have been such storage, use or other consumption." (Internal quotation marks omitted.)

*Magic II, Inc.* v. *Dubno,* 206 Conn. 253, 256, 537 A.2d 998, cert. denied, 488 U.S. 819, 109 S. Ct. 59, 102 L. Ed. 2d 37 (1988), quoting *Stetson* v. *Sullivan,* 152 Conn. 649, 653, 211 A.2d 685 (1965).

The plaintiff claims that it did not own the catalogs when they entered Connecticut because it did not exercise any right or power incident to ownership on which to base the imposition of a use tax. Sharper Image also argues that this statutory definition of "use" cannot be judicially extended to include "distribution."

The trial court considered, analyzed and distinguished a number of decisions of other state courts in its well reasoned memorandum of decision. The trial court concluded that the three conditions for liability under the use tax statute recited in *Magic II, Inc.* v. *Dubno,* supra, 206 Conn. 256, had been met. The first two conditions were stipulated by the parties in that the plaintiff purchased the catalogs from Foote & Davies to be sent to Sharper Image's customers and prospective customers in Connecticut, and the purpose of the purchase was to advertise its products for sale both from the catalog and at the stores. The court concluded that the third condition was met when the catalogs were mailed at the plaintiff's direction and transported into Connecticut for delivery to the addressees. The court reasoned that the distribution falls within "any other use." The court also determined that Sharper Image had no intent to make gifts of the catalogs to Connecticut residents, and expected to benefit financially from the delivery of the catalogs.

The plaintiff concedes that it owned the catalogs while they were at Foote & Davies. The plaintiff agrees that ownership never passed to the postal service, nor does it pass to the recipient of the catalogs until delivery is accomplished. Sharper Image argues, however, that at the time the catalogs were brought into Connecticut

it did not "own" them because it could not exercise a right or power over them. We do not agree. As the trial court properly concluded, the plaintiff retained ownership in the catalogs when Foote & Davies transferred possession of them to the postal service at the direction of Sharper Image. Sharper Image maintained the incidents of ownership of the catalogs as they passed into Connecticut to the time of delivery. Ownership was never relinquished. The plaintiff's control was the direction; relinquishing the right to withdraw or redirect does not for purposes of "ownership" relinquish control. A person who shoots a bullet across a state line cannot withdraw or redirect that bullet but, by initially directing that shot, controls its flight over the state line to its eventual resting place. By directing the shipping of the catalogs, Sharper Image retained ownership, even though it relinquished physical possession to the postal service. The trial court properly concluded that Sharper Image purchased the catalogs and "maintained the incidents of ownership of the catalogs as they passed in Connecticut to the time of delivery to the addresses in Connecticut."

Although the plaintiff argues that the trial court improperly concluded that it "owned" the catalogs in Connecticut, it argues further that, even if that conclusion is proper, the party taxed must *both* own the property taxed and exercise a right or power over the property in Connecticut. The plaintiff argues that the trial court "blurred" the distinction between these two separate requirements. Sharper Image also argues that as a matter of law the definition of "use" cannot be judicially extended to include "distribution."

The use tax is imposed in Connecticut on "the storage, acceptance, consumption or any other use in this state . . . ." General Statutes § 12-411 (1). "Use" includes "the exercise of any right or power over tangible personal property incident to the ownership of that

property . . . ." General Statutes § 12-407 (5). While many other states have employed the phrase "storage, consumption, use or *distribution*" (emphasis added), we observe that our legislature employed the phrase "any other use" to broaden the scope of defined uses without specifically listing "distribution." The trial court recognized, and we agree, that Sharper Image uses its unsolicited advertising material for the sole purpose of promoting its business, resulting in sales and profit. It distributes its catalogs within Connecticut to expand and enhance sales, to acquire and enlarge name recognition, and generally to do a profitable business in Connecticut. The phrase "any other use" as employed in § 12-411 (1) includes but is not limited to distribution, as viewed and judged by economic standards.

The plaintiff cites a case with a similar issue that appears to be factually identical. In *Sharper Image Corp.* v. *Dept. of Treasury*, 216 Mich. App. 698, 704, 550 N.W.2d 596 (1996),[3] the Michigan Court of Appeals, in reversing the trial court concluded that "the plaintiff did not exercise sufficient control over the catalogs in Michigan, and because the [Michigan Use Tax Act] does not define a 'use' to include the distribution of material, we find that the use tax may not be applied here." While the Michigan statute defines the term "use" as "the exercise of a right or power over tangible personal property incident to the ownership of that property"; Mich. Comp. Laws § 205.92 (b); the Use Tax Act is worded so as to apply to every person in Michigan " 'for the privilege of using, storing or consuming tangible personal property in this state.' " *Sharper Image Corp.* v. *Dept. of Treasury*, supra, 701, quoting Mich. Comp. Laws § 205.93 (1). Since the legislature chose not to include the word "distribution" in the definition of use,

---

[3] This case was decided more than one year after the judgment was rendered herein.

the appeals court concluded that no provision in the statutory definition of use allowed the state to tax Sharper Image's distribution of catalogs. We distinguish the Michigan case because our statutes contain the phrase "any other use" as discussed previously.[4]

We realize the far reaching impact that may result from this opinion. We find that a substantial question of law exists that should be reviewed by the Supreme Court and request certification be granted pursuant to Practice Book § 4135. The question to be determined is the issue as previously set forth.

The judgment is affirmed.

In this opinion the other judges concurred.

___

[4] While the plaintiff argued before the trial court that a use tax on the catalogs is a tax on interstate commerce in violation of the commerce clause of the United States constitution, it raises no such claim on appeal.