SHARPER IMAGE CORPORATION v DEPARTMENT OF TREASURY

Docket No. 173733. Submitted February 21, 1996, at Lansing. Decided May 21, 1996, at 9:00 A.M. Leave to appeal sought.

Sharper Image Corporation brought an action in the Court of Claims against the Department of Treasury and others, challenging the applicability of a tax imposed pursuant to the Use Tax Act, MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.*, on the use of the plaintiff's mail-order catalogs in Michigan and on the transportation charges the plaintiff requires its customers to pay on merchandise purchased by mail order. The court, Thomas L. Brown, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. The term "use" in the Use Tax Act does not include the distribution of catalogs from an out-of-state source. The trial court erred in finding that the distribution in Michigan of the plaintiff's catalogs, which were produced by a printer in Nebraska and shipped through the mail from the printer's place of business and over which the plaintiff did not retain control once they were delivered to the postal service, was a "use" under the act. The part of the trial court's order regarding this issue must be reversed and the matter must be remanded to the trial court for an order granting summary disposition for the plaintiff with regard to this issue.

2. The use tax may not be applied to the distribution of the catalogs because the plaintiff did not exercise sufficient control over the catalogs in Michigan and the Use Tax Act does not define a "use" to include the distribution of material.

3. The trial court did not err in holding that the transportation charges the plaintiff passes on to its mail-order customers were taxable under the Use Tax Act. The transportation charges fit the act's definition of "price" and were properly taxed because the plaintiff's sale to a customer is not consummated, and the customer has not completely performed its duties under the contract, unless the customer pays the transportation charges. The trial court's grant of summary disposition with regard to the issue concerning the transportation charges must be affirmed.

Affirmed in part, reversed in part, and remanded.

1. TAXATION — USE TAX ACT — WORDS AND PHRASES — "USE" —
   "DISTRIBUTION."

    A taxpayer must perform in Michigan one of the activities listed in the definition of "use" in the Use Tax Act in order to be taxed under the act; distribution is not included in the act's definition of "use" (MCL 205.92[b]; MSA 7.555[2][b]).

2. TAXATION — USE TAX ACT — WORDS AND PHRASES — "PRICE"— TRANSPORTATION CHARGES.

    Transportation charges that must be paid by the purchaser of goods through a mail-order catalog before the sale is consummated, e.g., where the out-of-state seller will not ship the goods until the payment for the goods and the transportation charges is received , fit within the definition of "price" in the Use Tax Act (MCL 205.92[f]; MSA 7.555[2][f]).

*Honigman Miller Schwartz & Cohn* (by *Alan M. Valade* and *Mark R. Morton*), and *Brann & Isaacson* (by *Martin I. Eisenstein* and *David W. Bertoni*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Michael R. Bell* and *Russell E. Prins*, Assistant Attorneys General, for the defendants.

Amici Curiae:

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas D. Hammerschmidt, Jr.*), for Miller Brewing Company.

Before: NEFF, P.J., and SMOLENSKI and D. A. JOHNSTON,* JJ.

NEFF, P.J. Plaintiff instituted this cause of action against defendants challenging the applicability of a tax imposed pursuant to the Michigan Use Tax Act (UTA), MCL 205.91 *et seq.*; MSA 7.555(1) *et seq.*, on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

certain of plaintiff's business activities.[1] Plaintiff appeals as of right from an order of the Court of Claims granting summary disposition for defendants pursuant to MCR 2.116(I)(2), and we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

I

The essential facts of this case are not in dispute. In addition to owning two stores operating in Michigan, plaintiff, a foreign corporation, conducts business in Michigan through mail-order catalogs. Plaintiff's catalogs are produced by a printer in Lincoln, Nebraska, and shipped through the mail from the printer's place of business. The catalogs are sent by third-class mail, and plaintiff retains no control over them once they are delivered to the postal service. Undelivered catalogs are destroyed by the postal service.

From 1986 through 1990, plaintiff timely filed its tax returns. Defendants, however, assessed a use tax deficiency of $63,440 plus interest, claiming plaintiff failed to pay the use taxes on (1) the use of the catalogs in Michigan, and (2) for transportation charges plaintiff requires its customers to pay on merchandise purchased by mail order. Ultimately, plaintiff paid the amount due under protest and initiated this suit for a refund.

Plaintiff then moved for summary disposition pursuant to MCR 2.116(C)(10), claiming that (1) "use" under the UTA did not include distribution of catalogs

---

[1] Although the use tax is levied on the consumer, the seller is responsible for collection of the tax. MCL 205.95(a); MSA 7.555(5)(a), MCL 205.97; MSA 7.555(7).

from an out-of-state source, (2) the use tax on catalogs violated the Commerce Clause of the United States Constitution, and (3) because the UTA taxes the "price" of the goods, the separately stated transportation charges may not be taxed.

The trial court disagreed with plaintiff's arguments, denied its motion, and in turn, granted summary disposition for defendants pursuant to MCR 2.116(I)(2). It is from this order that plaintiff appeals.

II

We first examine plaintiff's contention that the term "use" in the UTA does not include the distribution of catalogs from an out-of-state source. Because we agree with plaintiff's argument, we reverse the trial court's order as it relates to this issue.

A

This Court reviews de novo a lower court's grant or denial of summary disposition. *Coleman-Nichols v Tixon Corp*, 203 Mich App 645, 650; 513 NW2d 441 (1994). Summary disposition is properly granted to the opposing party if it appears to the court that that party, rather than the moving party, is entitled to judgment. MCR 2.116(I)(2).

B

The use tax is complementary to the sales tax and is designed to cover those transactions not covered by the General Sales Tax Act. MCL 205.51 *et seq.;* MSA 7.521 *et seq.*, *Kellogg Co v Dep't of Treasury*, 204 Mich App 489; 516 NW2d 108 (1994).

The UTA applies to every person in this state "for the privilege of using, storing, or consuming tangible personal property *in this state.*" MCL 205.93(1); MSA

7.555(3)(1) (emphasis added). At issue here is the definition of the term "use," which is defined as

> the exercise of a right or power over tangible personal property incident to the ownership of that property including transfer of the property in a transaction where possession is given. [MCL 205.92(b); MSA 7.555(2)(b).]

In order to determine the meaning of this term, we must examine the intent of the Legislature in enacting the definition. We do so with the following principles in mind. The authority to tax must be expressly provided. *Molter v Dep't of Treasury*, 443 Mich 537, 543; 505 NW2d 244 (1993). Tax laws generally will not be extended in scope by implication or forced construction. When there is doubt, tax laws are to be construed in favor of the taxpayer. *Michigan Bell Telephone Co v Dep't of Treasury*, 445 Mich 470, 477; 518 NW2d 808 (1994).

C

The lower court determined that the UTA applied in this case because taxable "uses" included the distribution of catalogs. The court reached this conclusion by finding that the definition of "distribution" was synonymous with the definitions of "give" and "transfer," two terms within the statutory definition of "use."

We conclude the trial court erred in two respects. First, under the plain wording of the statute, in order to be taxed under the UTA, a taxpayer must perform in Michigan one of the activities listed in the definition of "use." MCL 205.93(1); MSA 7.555(3)(1). Here, plaintiff's exercise of a right or power over the catalogs ended when the catalogs were delivered to the postal service in Nebraska.

Second, we find no provision in the statutory definition of "use" to allow defendants to tax the distribution of catalogs. Had the Legislature intended for distributions to be taxed, it could have easily done so by expressly providing it in the definition of use. Indeed, the legislatures of other jurisdictions have done this. See, ·e.g., *Collins v J C Penney Co, Inc*, 218 Ga App 405; 461 SE2d 582 (1995), and *J C Penney Co, Inc v Olsen*, 796 SW2d 943 (Tenn, 1990). Our Legislature, however, did not include distribution in the definition of use, and we will not extend the tax to that activity absent the statutory authority to do so. *Michigan Bell, supra.*

### D

Defendants' reliance on *D H Holmes Co, Ltd v McNamara*, 486 US 24; 108 S Ct 1619; 100 L Ed 2d 21 (1988), for the proposition that a state properly may apply a use tax to the distribution of mail-order catalogs is misplaced. The Supreme Court in *Holmes* did not reach the question whether distribution of a catalog was a "use," because the Court deferred to Louisiana's construction of its state law. *Id.* at 31. Further, in *Holmes*, the state law specifically provided that a use was defined as "the exercise of any right or power over tangible personal property incident to ownership, and includes consumption, *distribution*, and storage." *Id.* at 27 (emphasis added).

### E

We find support for our conclusion from a review of case law from other states. The cases from states in which a use tax has been applied in situations similar to that presented here are dissimilar in two important ways. First, in many of the other jurisdictions,

the relevant statute specifically provides for the taxation of distributions. See, e.g., *Collins, supra,* and *Olsen, supra.*

Also, the facts before the courts in the other jurisdictions indicated that the taxpayer enjoyed indicia of control over the material not here present. Such indicia of control included the power to determine in what publications the advertisements were to be placed and at what time they would be distributed. See *Mervyn's v Arizona Dep't of Revenue,* 173 Ariz 644; 845 P2d 1139 (1993), and *K Mart Corp v Idaho State Tax Comm,* 111 Idaho 719; 727 P2d 1147 (1986).

In those jurisdictions having statutory language similar to that in Michigan, and applying that language to facts similar to those presented here, the use tax has been held inapplicable. See, e.g., *Modern Merchandising, Inc v Dep't of Revenue,* 397 NW2d 470 (SD, 1986), and *Wisconsin Dep't of Revenue v J C Penney Co, Inc,* 108 Wis App 2d 662; 323 NW2d 168 (1982). Indeed, many of the courts addressing this issue rely on the distinction between those companies exercising control over their mailings and those not exercising such control. See, e.g., *Modern Merchandising, supra,* and *Mervyn's, supra.*

Accordingly, because we conclude plaintiff did not exercise sufficient control over the catalogs in Michigan, and because the UTA does not define a "use" to include the distribution of material, we find that the use tax may not be applied here. Because of our resolution of this issue, we need not reach the constitutional issue raised by plaintiff.

III

Next, plaintiff argues that the lower court erred in holding the transportation charges it passes on to customers to be taxable under the UTA. We find no error in this aspect of the court's ruling.

Plaintiff is required to collect use taxes on the price of goods sold to its customers. "Price" is broadly defined as

> the aggregate value in money of anything paid or delivered, or promised to be paid or delivered, by a consumer to a seller in the consummation and complete performance of the transaction by which tangible personal property or services were purchased . . . without a deduction for the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid, or any other expense. [MCL 205.92(f); MSA 7.555(2)(f).]

Plaintiff acknowledges that it will not ship goods it sells unless the consumer pays the transportation charge. Indeed, according to plaintiff, it will not even deposit the goods with the common carrier until payment for the goods and the transportation charges is received. Therefore, plaintiff's sale to a consumer is not consummated, and the consumer has not completely performed its duties under the contract, unless the transportation charges are paid. Accordingly, we conclude that the transportation charges fit within the definition of "price" in the UTA and were properly taxed.

IV

The Court of Claims ruling granting summary disposition for defendants with regard to the taxation of plaintiff's mail-order catalogs is reversed, and we

remand for an order granting summary disposition for plaintiff with regard to this issue.

The Court of Claims ruling granting summary disposition for defendants with regard to the transportation charges is affirmed.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.