BRUNSWICK BOWLING & BILLIARDS CORPORATION v
DEPARTMENT OF TREASURY

Docket No. 261682. Submitted August 2, 2005, at Lansing. Decided
August 18, 2005, at 9:05 a.m.

> Brunswick Bowling & Billiards Corporation appealed to the Court of
> Claims a determination of use tax liability made by the Department of Treasury. The department had imposed a use tax on
> bowling balls and accessories Brunswick withdrew from its Michigan inventory and gave away or used for promotional or advertising purposes. Brunswick contested the use tax imposed with
> respect to those activities that occurred in other states. The court,
> James R. Giddings, J., denied the department's motion for summary disposition and granted Brunswick summary disposition.
> The department appealed.
>
> The Court of Appeals *held*:
>
> MCL 205.93(1) provides for a tax for the privilege of using
> tangible personal property in Michigan. "Use" is defined as the
> exercise of a right or power over that property incident to
> ownership. MCL 205.92(b). The term "use" in the statute does not
> encompass the withdrawal of inventory and subsequent distribution of those items in another state. Because the disputed items
> remained in Brunswick's control and possession when they were
> sent to other states for potential promotional or giveaway purposes, their "use" for these purposes did not occur in Michigan.
> The Court of Claims properly denied the department's summary
> disposition motion and properly granted Brunswick summary
> disposition on the basis of its determination that the use tax did
> not apply in this case.
>
> Affirmed.

TAXATION — USE TAX — DEFINITION OF USE — OUT-OF-STATE ACTIVITIES.

> The term "use" as defined in the Use Tax Act does not encompass
> the withdrawal of inventory and subsequent distribution of those
> items in another state for potential promotional or giveaway
> purposes to the extent that the items remain in the taxpayer's
> control and possession when they are sent to the other states for
> those purposes (MCL 205.92[b], 205.93[1]).

*Honigman, Miller, Schwartz & Cohn LLP* (by *Patrick R. Van Tiflin* and *Daniel L. Stanley*) for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Roland Hwang*, Assistant Attorney General, for the defendant.

Before: COOPER, P.J., and BANDSTRA and KELLY, JJ.

BANDSTRA, J. Defendant appeals as of right the Court of Claims order granting summary disposition in favor of plaintiff. Specifically, defendant contests the court's determination that the use tax, MCL 205.93(1), did not apply to the promotional activities of plaintiff at issue here because they did not occur "in this state" under the statute. We affirm.

The facts in this case are not in dispute. Plaintiff is a Delaware corporation with its principal office in Muskegon, Michigan. Defendant imposed a use tax on certain items (bowling balls and accessories) that had been withdrawn from plaintiff's Michigan inventory and given away to professional bowlers and customers, or otherwise used for promotional or advertising purposes, as opposed to being sold at retail. Defendant imposed the use tax on plaintiff regardless of whether this occurred in Michigan or in other states. Plaintiff contested only the use tax imposed with respect to non-Michigan activities.

Plaintiff appealed to the Court of Claims defendant's tax liability determinations. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that no genuine issue of material fact existed and that it was therefore entitled to judgment as a matter of law. The Court of Claims denied defendant's motion for summary disposition and granted plaintiff summary disposition under MCR 2.116(I)(2). It concluded that

defendant's imposition of the use tax on plaintiff was not authorized by law, and that, if plaintiff were liable under the Use Tax Act, it could potentially be taxed by two or more states on the same transaction in violation of the Commerce Clause of the federal constitution.

Defendant argues that the Court of Claims erred as a matter of law in its determination that plaintiff is not liable for use tax on inventory withdrawals. We disagree. We review de novo a decision by the Court of Claims on a motion for summary disposition and issues requiring statutory interpretation. *Fluor Enterprises, Inc v Dep't of Treasury*, 265 Mich App 711, 719; 697 NW2d 539 (2005). With regard to the Court of Claims interpretation of the Use Tax Act, MCL 205.91 *et seq.*, our review is subject to the general rules of statutory interpretation. *Herald Wholesale, Inc v Dep't of Treasury*, 262 Mich App 688, 693; 687 NW2d 172 (2004). This Court has explained:

> "The primary objective of judicial construction is to ascertain and give effect to the Legislature's intent. The language of the statute is the best source for ascertaining intent. An act must be read in its entirety and the meaning given to one section arrived at after due consideration of the other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. Long-standing administrative interpretations by those charged with administering a statute are entitled to considerable weight. However, an administrative interpretation is not conclusive and cannot be used to overcome a logical reading of the statute. If an act is clear and unambiguous, then judicial construction or interpretation is unwarranted. If a statute is ambiguous or susceptible to two or more constructions that could cause reasonable minds to disagree as to its meaning, the statute must be interpreted." [*Id.* at 693-694, quoting *Stratton-Cheeseman Mgt Co v Dep't of Treasury*, 159 Mich App 719, 724-725; 407 NW2d 398 (1987) (citations omitted in *Herald Wholesale*).]

Moreover, "[t]ax laws generally will not be extended in scope by implication or forced construction," and "[w]hen there is doubt, tax laws are to be construed in favor of the taxpayer." *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 702; 550 NW2d 596 (1996).

"The use tax is complementary to the sales tax and is designed to cover those transactions not covered by the General Sales Tax Act [MCL 205.51 *et seq.*]." *Sharper Image*, *supra* at 701. MCL 205.93(1) provides that "[t]here is levied upon and there shall be collected from every person in this state a specific tax for the privilege of using, storing, or consuming tangible personal property in this state . . . ." MCL 205.92(b) defines "use" as "the exercise of a right or power over tangible personal property incident to the ownership of that property including transfer of the property in a transaction where possession is given."

Plaintiff does not dispute that its use of inventory for promotional purposes in Michigan is subject to the use tax. See, e.g., *Guardian Industries Corp v Dep't of Treasury*, 243 Mich App 244, 251-252; 621 NW2d 450 (2000). Thus, plaintiff has not contested imposition of the use tax with respect to the promotional use of bowling inventory in Michigan. The question raised in this appeal is whether plaintiff's shipment of items elsewhere constitutes a "use" in Michigan.

Defendant maintains that plaintiff's withdrawal of items from its inventory constitutes a "use" in Michigan, thereby implicating the use tax. That is, the withdrawal of items from Michigan inventory with the intent to give them away in other states constitutes a "use" in Michigan because plaintiff exerts control over the inventory while it is in Michigan. Plaintiff maintains that the items in dispute are not withdrawn from

inventory until they are given away in other states. That is, the items remain in plaintiff's control and custody when they are transferred outside the state, and are not "removed from inventory" until they are given away. Plaintiff emphasizes that, if the promotional items are not given away in another state, they are returned to plaintiff's Michigan inventory; thus, no "use" has occurred in Michigan.

As noted above, the Use Tax Act applies to every person in this state "for the privilege of using, storing, or consuming tangible personal property in this state . . . ." MCL 205.93(1). At issue here is the term "use," which MCL 205.92(b) defines as "the exercise of a right or power over tangible personal property incident to the ownership of that property including transfer of the property in a transaction where possession is given."[1]

This Court has explained that "[u]nder the plain meaning of the statute, in order to be taxed under the [Use Tax Act], a taxpayer must perform in Michigan one of the activities listed in the definition of 'use.' " *Sharper Image, supra* at 702. In *Sharper Image*, the plaintiff taxpayer, a foreign corporation, challenged the Department of Treasury's imposition of a use tax on catalogs shipped by mail into Michigan. *Id*. at 700. This Court concluded that the lower court erred in its determination that the use tax was applicable because, under the plain meaning of the statute, a taxpayer must perform one of the activities listed in the definition of "use" *in Michigan*. *Id*. at 702. This Court reasoned that, because the plaintiff's exercise of a right or power over the catalogs ended when they were delivered to a post

---

[1] Defendant does not claim that the storage of the contested items in Michigan, before they are transferred for promotional purposes, is subject to the use tax.

office in Nebraska, no taxable "use" of the catalogs by the plaintiff occurred in Michigan. *Id.*

Applying the logic of *Sharper Image* here, the dispositive question is whether plaintiff maintained a "right or power" over the contested items as they were transferred to other states to be used or given away for promotional purposes. Plaintiff clearly did.[2] The term "use" as set out in the statute does not encompass the withdrawal of inventory and subsequent distribution of such items in another state. Because the items in dispute remained in plaintiff's control and possession when they were sent to other states for potential promotional or giveaway purposes, their "use" for these purposes did not occur *in Michigan.* Defendant's argument that it was sufficient that the items in dispute were "withdrawn from inventory" and "resold" to plaintiff's retail or promotional divisions in Michigan before being shipped out of state is misplaced; any such intracorporate transfers or redesignations of the status of the items in dispute did not affect plaintiff's possession or control over them. The Court of Claims properly denied defendant's motion for summary disposition and

---

[2] The affidavit of plaintiff's manager of financial reporting and analysis indicated that the bowling balls that plaintiff supplies to its sponsored PBA (Professional Bowlers Association) bowlers are shipped directly to bowling tournament sites or to local distribution centers. There, a contractor hired by plaintiff takes possession of the bowling balls and has them stored on shelf space that is leased by plaintiff from the PBA. When necessary, the contractor takes a ball from plaintiff's leased storage space, drills it and otherwise prepares it for use, and gives it · to a plaintiff-sponsored professional bowler for use in a tournament. Thus, the bowling balls that plaintiff gives to PBA bowlers are under the control of plaintiff's contractor until they are given away. Similarly, any promotional items given away at trade shows are in the possession and control of an employee of plaintiff until they are given away. Additionally, any bowling balls or promotional items that are not given away are returned to inventory at plaintiff's Michigan facility.

properly granted plaintiff summary disposition on the basis of its determination that the use tax did not apply to plaintiff in this case.

Defendant additionally argues that the Court of Claims erred in failing to accord due deference to defendant's longstanding position on use tax liability for items withdrawn from inventory. Defendant relies on a 1977 case in the former Michigan Board of Tax Appeals, *Wilson Sporting Goods Co v Dep't of Treasury*, issued November 10, 1997 (Docket No. 1297), to support its position. It is questionable whether that case is factually on point and addresses the legal question raised here. In any event, although " '[l]ong-standing administrative interpretations by those charged with administering a statute are entitled to considerable weight[,] . . . an administrative interpretation is not conclusive and cannot be used to overcome a logical reading of the statute.' " *Herald Wholesale, supra* at 693, quoting *Stratton-Cheeseman, supra* at 724. See also *Guardian Industries, supra* at 254.

Defendant further argues that its position is entitled to deference, relying on a "revenue technical tax training" document from July 2002, as well as an earlier version from September 1997. However, "[i]n order for an agency regulation, statement, standard, policy, ruling, or instruction of general applicability to have the force of law, it must fall under the definition of a properly promulgated rule. If it does not, it is merely explanatory." *Danse Corp v Madison Hts*, 466 Mich 175, 181; 644 NW2d 721 (2002). While the "tax training" document may be used as a guide, it was not promulgated as an administrative rule and therefore does not have the force of law. *Id.*

Because we conclude that the Court of Claims properly determined that defendant's imposition of the use

tax was unauthorized, we need not address plaintiff's argument that applying the use tax in this case violates the Commerce Clause.

We affirm.