# STATE OF MICHIGAN

# COURT OF APPEALS

LINDA LAYTON,

Plaintiff-Appellant,

v

U.S. BANK AND TRUST N.A., AS TRUSTEE
FOR VOLT PARTICIPATION TRUST 2011-
NPL2,

Defendant-Appellee.

UNPUBLISHED
December 29, 2016

No. 328878
Oakland Circuit Court
LC No. 2015-146395-CH

Before: GADIOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Plaintiff Linda Layton appeals as of right the trial court's opinion and order granting the motion for summary disposition filed by defendant U.S. Bank and Trust N.A., as Trustee for Volt Participation Trust 2011-NPL2, in this mortgage foreclosure case. We affirm.

## I. FACTUAL BACKGROUND

In February 2007, plaintiff executed a $560,000 promissory note in favor of Flagstar Bank, FSB, and a mortgage[1] in favor of Mortgage Electronic Registration Systems, Inc., the nominee for Flagstar Bank, FSB, at the time   The mortgage granted a security interest in 1722 Pine, Birmingham, MI 48009. Subsequently, the note and mortgage were assigned to multiple other parties. Both are now held by defendant. The mortgage and promissory note have been in default since January 2010, at which time plaintiff stopped making payments.

In 2012, defendant's predecessor in interest filed a civil action to judicially foreclose on the mortgage (hereinafter "the 2012 case"). After holding a trial, the lower court entered an order in October 2013, which found that defendant's predecessor in interest had failed to provide sufficient evidentiary support for its case and dismissed the case in favor of plaintiff (who was

---

[1] More than one mortgage encumbered plaintiff's property during the previous cases referenced in this appeal. However, because only one mortgage is at issue in this appeal, we will refer to that mortgage singularly.

-1-

the defendant in that case). Defendant's predecessor in interest appealed this decision, but voluntarily withdrew its appeal. *Vericrest Opportunity Loan Trust 2011-NPL2 v Linda Layton*, unpublished order of the Court of Appeals, entered September 16, 2014 (Docket No. 318717). While the appeal was pending, plaintiff filed a post-judgment motion, arguing that the trial court should strike the mortgage because the doctrine of res judicata barred a future foreclosure of the mortgage in light of the trial court's October 2013 order dismissing the judicial foreclosure action in favor of plaintiff. The trial court disagreed and denied plaintiff's motion.

In December 2013, plaintiff initiated a new action to quiet title (hereinafter "the 2013 case"), through which she sought to extinguish the mortgage based on the trial court's ruling in the 2012 case. In particular, she contended that the mortgage was no longer enforceable, yet continued to encumber her property. Defendant[2] filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that (1) the trial court could not discharge the mortgages because plaintiff had not satisfied the debt and the statutory requirements to discharge a debt had not been met in that case; (2) plaintiff was barred from seeking equitable relief because she had unclean hands; (3) the trial court never ruled in the 2012 action that the mortgage was invalid or that defendant was precluded from pursuing other remedies, including a foreclosure by advertisement; and (4) plaintiff's claims were barred under the doctrines of res judicata and judicial estoppel. In response, plaintiff argued that summary disposition in her favor was proper pursuant to MCR 2.116(I)(2) and MCR 2.116(C)(10), contending, for a variety of reasons, that the mortgage should be discharged because the dismissal of the 2012 case prevented defendant from initiating another foreclosure or otherwise enforcing the mortgage. In reply, defendant reiterated its arguments that "the law does not provide that a mortgage is automatically unenforceable if a mortgagee is unsuccessful in a judicial foreclosure action," and that it remained entitled to other remedies after the 2012 case was dismissed.

In July 2014, the trial court granted summary disposition in defendant's favor. Most relevant to the instant appeal, the court specifically recognized that "[d]efendant has other remedies available even though judicial foreclosure may now be unavailable," and that "[d]efendant's authorities additionally reflect that foreclosure by advertisement may be pursued notwithstanding dismissal of the prior judicial foreclosure action in the circumstances of this case." The court also noted that "foreclosures by advertisement are governed by a different

---

[2] The defendant in the 2013 case was Volt Participation Trust 2011-NPL2, not U.S. Bank and Trust N.A., as Trustee for Volt Participation Trust 2011-NPL2. Based on the assignment documents in the record, it appears that Volt Participation Trust 2011-NPL2 may technically be a predecessor in interest to U.S. Bank and Trust N.A., as Trustee for Volt Participation Trust 2011-NPL2, with regard to this mortgage. However, defendant refers to itself as being a party in both the 2013 case and the instant case, and the distinction has no effect for purposes of the res judicata issues addressed in this appeal. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11-13, 13 n 9; 672 NW2d 351 (2003) (describing the role of a privy in the context of res judicata). Thus, we will refer to defendant as being a party to both the 2013 case and the instant case.

statute than the judicial foreclosure statute, may proceed outside the court system, and are not prohibited merely because there was a defect or irregularity in a prior attempt to foreclose."

In March 2015, defendant initiated a foreclosure by advertisement. In April 2015, plaintiff filed a complaint against defendant, which initiated the action giving rise to the instant appeal. Plaintiff alleged that defendant was improperly seeking to foreclose by advertisement on plaintiff's property, thereby "seek[ing] money already determined by [the trial court] that Plaintiff did not owe Defendant because Defendant did not prove Plaintiff had defaulted on her mortgage." Accordingly, plaintiff alleged that defendant's foreclosure by advertisement was barred by Michigan law for various reasons, including, among other things, the fact that "an action or proceeding has been instituted, at law, to recover the debt secured by the mortgage, and, therefore, a foreclosure by advertisement is no longer available under the statute." Therefore, plaintiff requested that the trial court "nullify any attempt to foreclosure by advertisement" and enter an order "compel[ling] Defendant to comply with MCL 600.3204 and[/]or compel any foreclosure to come before [the trial court]."

A sheriff's sale was held on April 7, 2015, and defendant was the highest bidder. Accordingly, defendant was entitled to acquire ownership of the property when the redemption period expired on October 7, 2015.

On June 17, 2015, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). Defendant first argued that it was entitled to summary disposition under MCR 2.116(C)(7) because plaintiff's claims were barred under the doctrines of res judicata and collateral estoppel, as the issues of whether defendant could enforce the mortgage and pursue a foreclosure by advertisement were adjudicated by the trial court in the 2013 case. Defendant also argued that plaintiff had failed to state a claim on which relief can be granted, as plaintiff failed to plead allegations providing any factual or legal basis for concluding that defendant's foreclosure by advertisement violated MCL 600.3204(1) and, instead, solely relied on the 2012 case, which did not affect defendant's right to initiate a foreclosure by advertisement. Defendant argued that it was also entitled to summary disposition under MCR 2.116(C)(8) and (C)(10) based on the arguments that it had raised in its motion for summary disposition in the 2013 case.

In July 2015, plaintiff filed a motion for leave to file a first amended complaint that would include a claim "that *res judicata* is a bar to Defendant['s] continued attempts to foreclose on Plaintiff's Property[.]" Defendant contended that the proposed amendment would be futile. The trial court agreed with defendant and denied plaintiff's motion to amend, stating, *inter alia*, that the doctrine of res judicata would not apply in plaintiff's favor here given the trial court's ruling in the 2013 case. Additionally, the court agreed with defendant that "judicial foreclosure versus foreclosure by advertisement are distinct methods of going about foreclosure and that the argument that foreclosure by advertisement would somehow have to be encapsulated in a judicial foreclosure complaint is nonsensical[.]"

Plaintiff subsequently filed a response to defendant's motion for summary disposition, requesting summary disposition in her favor pursuant to MCR 2.116(I)(2). She again argued that "[d]efendant should be affirmatively barred from bringing an action for Foreclosure by Advertisement under the doctrine of *res judicata*," contending that there was no difference

between the subject matter of the instant case and the 2012 case, and the issue of whether defendant was permitted to initiate a foreclosure by advertisement could have been decided when the previous proceedings were adjudicated. In its reply, defendant emphasized that plaintiff completely ignored the trial court's ruling in the 2013 case that defendant was not barred from pursuing a foreclosure by advertisement despite the outcome of the 2012 case.

In July 2015, the trial court granted summary disposition in favor of defendant. Most relevant to this appeal, the court held that plaintiff's "attempt to use res judicata as a sword is untenable," incorporating by reference its ruling on plaintiff's motion to amend her complaint and defendant's briefing of this issue. The court also explained:

> Layton's position utterly ignores that she, to no avail, has attempted to attack the validity of the mortgage(s) and preclude foreclosure by advertisement for virtually identical reasons in her postjudgment motion in the 2012 action and in the 2013 quiet title action she instituted. In fact, in the 2013 action, this Court previously determined that res judicata does not support Layton's position. Furthermore, as observed in the Defendant's Reply and in this Court's opinion and order in the 2013 action, foreclosure by advertisement is a purely non-judicial statutory remedy that does not constitute a civil claim or cause of action within the court system. Rather, by its very terms, a foreclosure by advertisement under MCL 600.3201 et seq. is conducted entirely outside the court system. Thus, Layton's position that the dismissal of the claim for judicial foreclosure in the 2012 action affirmatively bars the instant action under the doctrine of res judicata is additionally illogical because res judicata only bars a subsequent "action" and it is beyond dispute that Layton, not the Defendant, is the only party to file any subsequent action." Layton also nowhere explains how the Defendant's 2015 foreclosure by advertisement could have or should have been affirmatively raised in the 2012 action – that is another requirement for the application of res judicata. [Footnotes omitted.]

The court also held that the outcome of the 2013 action barred plaintiff's claims in this case under the doctrines of res judicata and collateral estoppel. Additionally, the court concluded, *inter alia*, that MCL 600.3204(1)(b) had not been violated. Thus, for these reasons, as well as others, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10), and denied plaintiff's counter-request for relief pursuant to MCR 2.116(I)(2).

## II. STANDARD OF REVIEW

We review *de novo* a trial court's grant or denial of summary disposition. *Prentis Family Found v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 43; 698 NW2d 900 (2005); *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 700-701; 550 NW2d 596 (1996). We also review *de novo* the question of whether the doctrine of res judicata bars a claim and questions of statutory interpretation. *Shuler v Michigan Physicians Mut Liability Co*, 260 Mich App 492, 510; 679 NW2d 106 (2004); *City of Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

Summary disposition is proper under MCR 2.116(C)(7) if "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . prior judgment."

"A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint," *Diallo v LaRochelle*, 310 Mich App 411, 414; 871 NW2d 724 (2015) (quotation marks and citation omitted), and summary disposition "is appropriate where the complaint fails to state a claim on which relief may be granted," *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210; 859 NW2d 238 (2014) (quotation marks and citation omitted). A court may consider only the pleadings in reviewing a motion under MCR 2.116(C)(8). *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994).

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 411; 875 NW2d 242 (2015). Under MCR 2.116(C)(10), "[s]ummary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

Pursuant to MCR 2.116(I)(2), "[s]ummary disposition is properly granted to the opposing party if it appears to the court that that party, rather than the moving party, is entitled to judgment." *Sharper Image Corp*, 216 Mich App at 700-701.

## III. RES JUDICATA

Plaintiff first argues that the trial court erred by failing to grant summary disposition in her favor based on the doctrine of res judicata. We disagree.

"The doctrine of res judicata precludes relitigation of a claim when it is predicated on the same underlying transaction that was litigated in a prior case. The purpose of res judicata is to prevent inconsistent decisions, conserve judicial resources, and protect vindicated parties from vexatious litigation." *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013) (quotation marks citations omitted). See also *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999) ("Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical."). The doctrine of res judicata is applied broadly in Michigan, so "that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004).

"The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. Additionally, the prior action must have resulted in a final decision. *Kosiel v Arrow Liquors Corp*, 446 Mich 374, 379; 521 NW2d 531 (1994); *Richards v Tibaldi*, 272 Mich App 522, 531; 726 NW2d 770 (2006).

Plaintiff characterizes the foreclosure by advertisement in this case as "a subsequent foreclosure *action*," which was "brought following a dismissal of exactly the same foreclosure *action* that was just dismissed[.]" (Emphasis added.) This portrayal of the foreclosure by advertisement as an "action" equivalent to the initial judicial foreclosure reveals a fundamental misunderstanding of the differences between those types of foreclosures.

Michigan courts have consistently recognized that foreclosures by advertisement are *not* judicial proceedings, as they occur completely outside the judicial system. See, e.g., *Cheff v Edwards*, 203 Mich App 557, 560; 513 NW2d 439 (1994) ("[F]oreclosure by advertisement is not a judicial action . . . , but rather is based on contract between the mortgagor and the mortgagee."); *Manufacturers Hanover Mortg Corp v Snell*, 142 Mich App 548, 552; 370 NW2d 401 (1985) ("[F]oreclosure by advertisement, as was employed by the plaintiff in the case at bar, is not a judicial proceeding of any sort . . . ."). See also 26 Michigan Law & Practice, § 871, pp 349-350. Res judicata prevents religitation of a claim or cause of action *in a subsequent suit*. See *Adair*, 470 Mich at 121; *Duncan*, 300 Mich App at 194. Because a foreclosure by advertisement is an extrajudicial proceeding, it does not follow that a request for such a foreclosure is a claim or cause of action that can or should be litigated in a judicial foreclosure action. Further, under the foreclosure statutes, a foreclosure by advertisement may not be commenced if a judicial foreclosure already has been filed, unless authorized by the court. MCL 600.3105(2). Additionally, as the trial court concluded, because the foreclosure by advertisement does not constitute a second legal "action" following the 2012 case, the doctrine of res judicata is not a bar to the foreclosure by advertisement. See *Adair*, 470 Mich at 121. In sum, a judicial foreclosure suit and a foreclosure by advisement are not the "same foreclosure action," and it would have been nonsensical for defendant to affirmatively "raise" an issue concerning a nonexistent foreclosure by advertisement—or seek a foreclosure by advertisement—in the 2012 case in which it sought a judicial foreclosure.

In addition, plaintiff failed to cite any authority in the trial court, and she similarly fails to cite any authority on appeal, demonstrating that a party is barred from bringing a subsequent foreclosure action when the first is unsuccessful or voided. The Michigan Supreme Court, however, has specifically recognized "[t]he validity of [a] mortgage is not affected" when a foreclosure sale is invalidated. *Masella v Bisson*, 359 Mich 512, 525; 102 NW2d 468 (1960). When a foreclosure sale violates a mandatory provision of the applicable statute, a plaintiff may be entitled to a ruling that the foreclosure is void,[3] but "such decree will not preclude foreclosure and sale of the mortgaged premises in accordance with the statutes pertaining thereto, nor constitute a bar to a suit in equity in which matters not embraced within the scope of the present case may properly be raised and determined." *Id*. at 518, 526-526. By analogy, there is no basis for concluding that an unsuccessful judicial foreclosure, based on defendant's failure to meet its evidentiary burden, would bar a subsequent foreclosure by advertisement that properly complies with the applicable statutes. See MCL 600.3201 *et seq*. For all of these reasons, the trial court properly rejected plaintiff's claim that she was entitled to summary disposition pursuant to MCR 2.116(I)(2).

Lastly, we find it noteworthy that despite the related nature of the issues, plaintiff fails to challenge the trial court's grant of summary disposition in favor of defendant with regard to this issue pursuant to MCR 2.116(C)(7). As defendant emphasizes on appeal, plaintiff completely

---

[3] See also *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012) ("Therefore, we hold that defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*.").

-6-

ignores the 2013 case in her brief on appeal and fails to acknowledge the trial court's conclusion that its ruling in the 2013 case is a bar to plaintiff's claims in the instant case under the doctrine of res judicata.[4]  As the trial court determined, plaintiff's claim was previously litigated and decided during 2013 case, as (1) the parties disputed whether the mortgage encumbering plaintiff's property was extinguished based on the dismissal of the 2012 foreclosure action, and whether defendant was allowed to initiate another foreclosure or otherwise enforce the mortgage, and (2) the trial court ruled that the mortgage was not unenforceable or void as a result of the 2012 case, specifically holding that defendant remained entitled to pursue a foreclosure by advertisement in the future.  Plaintiff did not appeal that decision.  Because the 2013 action was decided on the merits, involved plaintiff and defendant, and specifically decided the matter at issue in this case, the trial court properly concluded that plaintiff's claim, i.e., that defendant was not entitled to pursue a foreclosure by advertisement, is barred by the doctrine of res judicata.  See *Adair*, 470 Mich at 121.  See also *Dart*, 460 Mich at 586.

Thus, the trial court properly granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(7).

IV.  MCL 600.3204(1)

Plaintiff next contends that the trial court erred by allowing defendant's foreclosure by advertisement to stand because the foreclosure by advertisement violated MCL 600.3204(1)(b) given the fact that a judicial foreclosure action was instituted previously.  We disagree.

In relevant part, MCL 600.3204(1) provides:

(1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:

* * *

(b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage or, if an action or proceeding has been instituted, either the action or proceeding has been discontinued or an execution on a judgment rendered in the action or proceeding has been returned unsatisfied, in whole or in part.  [MCL 600.3204(1)(b).]

Contrary to plaintiff's claim, the prior judicial foreclosure proceedings did not constitute, in plaintiff's words, an "earlier lawsuit which sought money damages," or, in the language of the statute, "[a]n action or proceeding" that had "been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage," thereby triggering the one-action limitation under

---

[4] Plaintiff's omission of any reference to the 2013 case and the role that it played in the trial court's July 28, 2015 order at issue in this appeal, both in her statement of the facts and argument of the issues raised on appeal, is misleading and violates MCR 7.212(C)(6).

MCL 600.3204(1)(b).[5]  See *Lee v Clary*, 38 Mich 223, 227 (1878); 26 Michigan Law & Practice, § 872, pp 351-352.  In *Lee*, 38 Mich at 227, the Michigan Supreme Court considered a former version of the foreclosure by advertisement statute that was substantively identical to MCL 600.3204(1)(b) and explained the meaning and purpose behind the language at issue in this case:

> The statute forbids the beginning of a statutory foreclosure if any "suit or proceeding shall have been instituted at law, to recover the debt then remaining secured" unless "the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied in whole or in part." § 6913.  *This statute clearly refers to suits on the debt, and not to foreclosure proceedings on the mortgage, and its object is to prevent proceedings, at the same time to prosecute the personal liability of the mortgagor and pursue the land.*  It is to prevent a simultaneous double vexation, which was allowed in England, but not generally here.  [Emphasis added.]

The Michigan Supreme Court came to the same conclusion in *Larzelere v Starkweather*, 38 Mich 96, 105 (1878):

> [T]he whole object and intent of that provision is to prevent the creditor pursuing a double remedy at the same time, thus putting the debtor to needless costs and expense.  The statute, by the terms used, has reference to proceedings in a court of law, where a judgment may be rendered and an execution issued thereon against the property of the debtor.

---

[5] Defendant as well as the trial court rejected plaintiff's claim under MCL 600.3204(1)(b) by reasoning that the 2012 judicial foreclosure action "has been returned unsatisfied," in that it was dismissed and no part of the debt was satisfied.  This reasoning failed to recognize the type of suit implicated by MCL 600.3204(b)(1).

Moreover, this understanding overlooks specific language in the statute.  See *Wyandotte Elec Supply Co v Elec Tech Sys, Inc*, 499 Mich 127, 140; 881 NW2d 95 (2016) ("The rules of statutory construction demand that this Court give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory.") (quotation marks and citation omitted).  A foreclosure by advertisement may only occur after a former action or proceeding has been instituted as described in MCL 600.3204(1)(b) if that "action or proceeding has been discontinued or an *execution on a judgment rendered in the action or proceeding* has been returned unsatisfied . . . ."  MCL 600.3204(1)(b) (emphasis added).  Because the previous action was dismissed in plaintiff's favor, no judgment was rendered in favor of defendant's predecessor in interest, and no judgment has been returned unsatisfied.  Accordingly, as explained further *infra*, the relevant inquiry under MCL 600.3204(1)(b), based on the facts of this case, is whether "the action or proceeding has been discontinued."  *Id*.  Nevertheless, "[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason."  *Gleason v Michigan Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Subsequently, courts have relied on the Michigan Supreme Court's decisions in *Lee* and *Larzelere* to interpret the current version of MCL 600.3204(1). For example, in *Church & Church Inc v A-1 Carpentry*, 281 Mich App 330, 340; 766 NW2d 30 (2008), aff'd on other grounds 483 Mich 885 (2009), this Court stated:

> According to *United States v Leslie,* 421 F2d 763, 766 (CA 6, 1970), "[t]he language of Lee v. Clary is unmistakably clear that it is the purpose of the statute to force an election of remedies which if not made would create the possibility that the mortgagee could foreclose the mortgage and at the same time hold the maker of the note personally liable for the debt. *Accord,* Larzelere v. Starkweather, 38 Mich 96, 105 (1878).' "

Accordingly, it appears that the predecessor and current versions of MCL 600.3204(1)(b), as previously interpreted by Michigan appellate courts, were intended to prevent simultaneous proceedings that sought both collection on the debt secured by the mortgage and foreclosure of the mortgage that secured the debt.

> However, in *Church & Church Inc*, 281 Mich App at 341, this Court also stated:

> More correctly stated, then, the intention of the Legislature with respect to the foreclosure statutes was to force an election of remedies by a mortgagee concerning a single debt: i.e., the same mortgagee cannot simultaneously maintain a lawsuit for judicial foreclosure and a foreclosure by advertisement, because it would allow for double recovery on the same debt.

Nevertheless, even if the prior judicial foreclosure action did fall within the scope of MCL 600.3204(1)(b), defendant's foreclosure by advertisement was not barred given the fact that the prior judicial foreclosure action was "discontinued," such that simultaneous proceedings were not being pursued with regard to the same debt, or even the same mortgage. MCL 600.3204(1). "Discontinued" is not defined by the statutes governing foreclosures by advertisement or the Michigan Court Rules. When a word is not statutorily defined, it "should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. We may consult dictionary definitions to give words their common and ordinary meaning." *Krohn v Home-Owners Ins Co,* 490 Mich 145, 156; 802 NW2d 281 (2011) (citations omitted). In relevant part, *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "discontinue" as "to break the continuity of," to "cease to operate, administer, use, produce, or take," "to abandon or terminate by a legal discontinuance," or "to come to an end." Because MCL 600.3204(1) is framed in passive voice, rather than in active voice, the statutory language indicates that it is inconsequential how a claim becomes discontinued or whether it was discontinued by an act of any particular party or the court. See *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 243; 874 NW2d 715 (2015) (explaining that when a provision is written in passive voice, "it does not require that any particular person" perform the action indicated). Accordingly, because the prior judicial foreclosure action was dismissed by the court and therefore discontinued, MCL 600.3204(1)(b) did not preclude the foreclosure by advertisement at issue in this case. This conclusion is further supported by the fact that defendant did not, in fact, obtain a double recovery given the dismissal of the prior judicial foreclosure action. See *Larzelere*, 38 Mich at 105; *Church & Church Inc*, 281 Mich App at 341.

Thus, the trial court properly granted summary disposition in favor of defendant. Defendant's foreclosure by advertisement did not violate MCL 600.3204(1)(b).

## V. CONCLUSION

Plaintiff has failed to establish that any of her claims on appeal warrant relief.

Affirmed. Having fully prevailed on appeal, defendant is awarded taxable costs under MCR 7.219.

/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan