*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SECOR-STERNS INVESTMENT, LLC,

Plaintiff-Appellant,

UNPUBLISHED
April 22, 2021

v

MEHSEN GARMO,

Defendant-Appellee.

No. 351376
OAKLAND CIRCUIT COURT
LC No. 2019-174865-CB

Before: TUKEL, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

In this contract dispute, plaintiff, Secor-Sterns Investment, LLC, appeals as of right the trial court's October 16, 2019 order denying its motion for summary disposition under MCR 2.116(C)(9) and (10), and granting summary disposition to defendant, Mehsen Garmo, under MCR 2.116(I)(2). Plaintiff argues that the trial court erred by considering parol evidence when interpreting a lease agreement between plaintiff and defendant or, in the alternative, that a dispute of material fact makes a grant of summary disposition to defendant inappropriate at this time. We agree that there is a dispute of material fact in this case and, therefore, that summary disposition is inappropriate at this time. Accordingly, we reverse the order of the trial court, and remand to that court for further proceedings.

## I. UNDERLYING FACTS

This case arises out of defendant's attempt, beginning in December 2011, to purchase a grocery store's assets and the property on which the grocery store was located, 7375 Secor Road, Lambertville (the premises). Defendant set up two companies to accomplish this goal: Lambertville Foods, Inc. (Lambertville) and Lambertville Realty, LLC (Lambertville Realty). Just as defendant sought to purchase the grocery store and the premises through two companies, the grocery store and the premises were owned by two separate entities: plaintiff (owner of the premises) and Secor Business Investment, Inc. (Secor) (owner of the grocery store's assets).

The process began in 2011 with an asset purchase agreement between Secor and Lambertville for the potential sale of the grocery store's assets and a buy-sell agreement between plaintiff and Lambertville Realty for the potential sale of the premises. Neither contract ultimately

-1-

came into effect, however, because defendant was unable to obtain the grocery store's liquor license. At the time of entering into the purchase agreement, however, the parties did not know that defendant would be unable to obtain the liquor license, and in 2013 they entered into a second series of contracts.

The 2013 contracts were a lease between plaintiff (as landlord) and Secor (as tenant); an assignment of lease between Secor (as assignor) and Lambertville (as assignee); a consent to assignment of lease between plaintiff (as landlord), Secor (as tenant/assignor); and Lambertville (as assignee), and a management agreement between Secor (as owner) and Lambertville (as manager). Defendant also signed a guaranty on an unknown date.[1] The terms of the guaranty specified that defendant would ensure "Tenant's" payment of rent to "Landlord" under the terms of "the Lease." The guaranty failed to define any of these terms and the parties dispute whether the guaranty's reference to "the Lease" and to the "Tenant" applies to (a) the lease between Secor and plaintiff, or (b) the assignment of lease that placed Lambertville as tenant under the terms of the lease.

As for the other 2013 contracts, in relevant part, the lease established that Secor would pay plaintiff $15,000 per month in rent for the first year of the lease. Furthermore, the assignment of lease provided that Secor would assign its interest (as tenant) under the lease to Lambertville, and that the assignment of lease would become effective upon consummation of the asset purchase agreement. Finally, the management agreement established that Lambertville would manage the grocery store in exchange for 10% of the grocery store's gross sales.

The parties agree that rent was paid to plaintiff for the first 11 months of the lease; curiously, however, plaintiff claims that defendant paid rent during that time, but defendant claims that Secor paid rent during that time; in any event, plaintiff makes no claim for unpaid rent for that period. The parties agree, however, that rent went unpaid for the following 20 months and that Lambertville stopped managing the grocery store in August 2015. Then, almost four years later, plaintiff filed a complaint alleging, in relevant part, that defendant breached the guaranty by not paying rent on Secor's behalf, beginning in January 2014. Defendant answered and denied the allegations in the complaint.

Plaintiff eventually moved for summary disposition, arguing that the guaranty applied to the lease and that defendant breached the guaranty by failing to pay rent on Secor's behalf. Defendant replied and argued that the guaranty applied only to the assignment of lease, not to the lease itself. Defendant further argued that the guaranty never became an effective contract because the asset purchase agreement and, by extension, the assignment of lease never were consummated. The trial court agreed with defendant and granted summary disposition to defendant under MCR 2.116(I)(2). This appeal followed.

---

[1] The parties do not raise any issues related to the date the guaranty was signed. In fact, they do not even address the lack of a date on the document.

## II. STANDARD OF REVIEW

"Summary disposition under MCR 2.116(C)(9) is proper if a defendant fails to plead a valid defense to a claim," and is reviewed de novo. *Village of Dimondale v Grable*, 240 Mich App 553, 563-564; 618 NW2d 23 (2000). Furthermore,

> A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true. If the defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery, then summary disposition under this rule is proper. [*Id.* (quotation marks and citations omitted).]

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a complaint and is reviewed de novo. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Only the substantively admissible evidence actually proffered may be considered." *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009) (quotation marks and citation omitted). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

The moving party has the initial burden to support its claim with documentary evidence, but once the moving party has met this burden, the burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). Additionally, if the moving party asserts that the nonmovant lacks evidence to support an essential element of one of his or her claims, the burden shifts to the nonmovant to present such evidence. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). Finally, "[s]ummary disposition is properly granted to the opposing party [under MCR. 2.116(I)(2)] if it appears to the court that that party, rather than the moving party, is entitled to judgment." *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996).

## III. ANALYSIS

The trial court erred by granting summary disposition to defendant because there is a disputed question of material fact regarding what the guaranty applies to, and indeed, whether it actually applies to the lease. Absent resolution of this factual question, which is inappropriate in the context of a motion for summary disposition, we cannot properly interpret the guaranty.

Plaintiff attached the guaranty to the lease when it filed its complaint and has repeatedly asserted that the guaranty applies to the lease. In contrast, however, defendant has repeatedly asserted that the guaranty applies to the assignment of lease, not to the lease itself, and submitted an affidavit supporting that position. Indeed, in his brief on appeal, defendant stated:

> The term "Tenant" in the Guaranty was left undefined, and Plaintiff has attempted to take advantage of that by dubiously attaching the Guaranty to the end of the Lease to make it appear as though Garmo intended to guarantee the rental obligations of Secor as opposed to the potential rental obligations of Lambertville pursuant to the Assignment of Lease.

Plaintiff further relies on an integration clause to argue that parol evidence is inadmissible to alter the terms of the lease and guaranty. But

> when the parties include an integration clause in their written contract, it is conclusive and parol evidence is not admissible to show that the agreement is not integrated except in cases of fraud that invalidate the integration clause or where an agreement is obviously incomplete "on its face" and, therefore, parol evidence is necessary for the "filling of gaps." [*UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 504; 579 NW2d 411 (1998) at 504.]

Fraud and incompleteness of the agreement are not issues in this case. Consequently, if the guaranty contains an integration, clause parol evidence may not be used to interpret the guaranty's terms. See *id*.

After reviewing the entire record in this case, we cannot interpret the guaranty because the parties do not even agree if the guaranty (a) applies to and incorporates the lease, or (b) is a separate document entirely that simply refers to "the lease," a term whose meaning the parties dispute and which in the abstract could refer either to the lease or the assignment. On this record, it is unknown whether the guaranty was physically attached to the lease when the documents were signed; defendant makes no specific argument in that regard, but notes the implausibility that he would guarantee the lease, in which he had no interest, as opposed to the assignment of lease, in which he did. Simply put, there are too many disputed facts to determine by way of motion for summary disposition that the guaranty and lease constituted the complete agreement of the parties. See *id*. Such disputed facts would have to be decided at trial. MCR 2.116(C)(10).

As addressed earlier, when the guaranty was first presented to the trial court, it was attached to the complaint. The complaint had one exhibit, the lease, which was titled "Exhibit A"; the guaranty appears as the page following the lease's signature page and is not identified as a separate exhibit in the lease. Consequently, plaintiff presented the guaranty as part of the lease itself. But defendant has repeatedly challenged that basic factual assertion and even went as far as to attach the guaranty, the assignment of lease, and the lease as separate exhibits to its response to plaintiff's motion for summary disposition. Moreover, defendant's affidavit disputes that the guaranty was made part of the lease agreement.

Construing the evidence in the light most favorable to plaintiff, the nonmoving party, the record before this Court consequently fails to establish the relevant factual framework, viz., whether the guaranty is part of the lease or not. Thus, the trial court erred by granting summary

disposition to defendant because this case involves a dispute of material fact that precludes any grant of summary disposition.

## IV. PROMISSORY ESTOPPEL

The trial court granted summary disposition to defendant regarding plaintiff's promissory estoppel claim, and plaintiff has not challenged that decision on appeal, although defendant nevertheless addresses it on appeal. An issue is not properly before this Court if the party raising the issue is not aggrieved by the court's decision as to that issue. MCR 7.204(A); *JW Hobbs Corp v Dep't of Treasury*, 268 Mich App 38, 52; 706 NW2d 460 (2005). "A party is not 'aggrieved' if the order appealed from is in its favor." *Dep't of Consumer & Indus Servs v Shah*, 236 Mich App 381, 385; 600 NW2d 406 (1999). Thus, although defendant raised this issue, defendant was not an aggrieved party. Consequently, we decline to address this issue because it is not properly before us.

## V. CONCLUSION

For the reasons stated in this opinion, we reverse the trial court's order granting summary disposition to defendant and remand for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Kathleen Jansen
/s/ Thomas C. Cameron